UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **AMBER BENNETT** | **CIVIL ACTION NO.** |
| **VERSUS** | **DISTRICT JUDGE** |
| **SHAWDOW HAWK APTS LP** | **MAGISTRATE JUDGE** |

**PLAINTIFF'S ORIGINAL
COMPLAINT FOR MONEY
DAMAGES**

NOW INTO COURT, through undersigned counsel, comes Plaintiff Amber Bennett, who files this, her Original Complaint against Defendant Shadow Hawk Apts LP, who is liable to Plaintiff on the grounds set forth below:

**I. NATURE OF THE ACTION**

1.   Plaintiff files this personal injury action after falling down an interior staircase at an apartment complex—the only means of egress—when the overhead lights were not functioning due to the negligence of the owners and managers of the complex.  As a result of the fall, she suffered serious injuries, including a fracture to her right leg that required surgical repair and for which she continues to undergo treatment with an uncertain future prognosis.

**II. PARTIES**

2.   Plaintiff Amber Bennett is a person of the full age of majority who is domiciled within the State of Louisiana.  As such, Ms. Bennett is a citizen of the State of Louisiana.

3.   As discussed below, Defendant in this matter is a citizen of the State of New Jersey, making the parties completely diverse.

4.   More specifically, Defendant Shadow Hawk Apts LP is a limited partnership organized under the laws of New Jersey.  It has a limited partner, Jacob Seidenfeld, and a general

partner, Shadow Hawk Apts GP, LLC. Jacob Seidenfeld is a natural person who, according to the records of the Louisiana Secretary of State, is domiciled within the State of New Jersey. Shaw Hawk Apts GP, LLC, is a limited liability company organized under the laws of New Jersey with a single member, Jacob Seidenfeld. Consistent with the records from the Louisiana Secretary of State, the New Jersey Secretary of State also reports that Mr. Seidenfeld is domiciled within the State of New Jersey. As such, defendant Shadow Hawk Apts LP is considered a citizen of the State of New Jersey.

### III. JURISDICTION

5. This Court has subject matter jurisdiction over the claims in this action pursuant to 28 U.S. Code 1332 because this dispute arises between citizens of different states and the matter in controversy exceeds $75,000.00, exclusive of interest and costs.

6. Venue is appropriate in this district pursuant to 28 U.S. Code 1391 as the negligence and subsequent injury that are the subject of this action occurred within the Western District of Louisiana and, more specifically, the Monroe Division

7. This Court has personal jurisdiction over all parties identified as all parties performed the actions described below within this judicial district, and for other contacts with this venue.

### IV. FACTS

8. Defendant owns, controls, and exerts garde over immovable property at or near 3000 Evangeline Street, Monroe, Louisiana where there is a residential apartment complex commonly known as "Shadow Hawk Apartment Homes."

9. Amber Bennett resided in one of the units at Shadow Hawk Apartment Homes, apartment number 60. That apartment is accessible only by an interior stairwell that connects that

unit to the ground floor.  By virtue of Defendant's control over Shadow Hawk Apartment Homes, it owes a duty of care to provide a reasonably safe and well-illuminated means of ingress and egress to apartment number 60, and other units that are not on the ground floor of the complex.

10. That on or about July 4, 2025 at approximately 5:45 a.m., Amber Bennett departed her apartment.  When she was leaving, she had no choice by to use the interior staircase, which was the only means of egress.  At this time, it was still dark outside.

11. At that time, however, the lights in the staircase were not functioning and it was too dark to safely use the staircase.  Unfortunately for Ms. Bennet, though, she had no choice but to do her best to descend the dark staircase as she was othewise trapped in her apartment.

12. As a result, when Ms. Bennett attempted to leave the apartment by the only means available, she could not adequately see the steps and fell down the staircase.

13. The lighting conditions in the staircase constituted an unreasonably dangerous hazard because those attempting to use the staircase could not see the steps.  Defendants knew of the problems with these lights because the problem had been previously reported, had occurred previously, and the lights were in general poor condition and poorly maintained.  Moreover, had Defendant performed any kind of cursory inspection of the general condition of the premises through the windows from the street, a reasonable inspection would have revealed the dangerous lighting condition in the staircase without even entering the premises.  Defendant's employees did, however, also enter the staircase and should have realized the dangerous condition.

14. It is foreseeable that the dangerous lighting condition in the staircase would create an unreasonably dangerous risk of falling because tenants and visitors to Ms. Bennett's apartment had no other means of access to the unit.

15. That the aforesaid accident occurred through no fault of Amber Bennett, but rather solely through the fault of Defendant, in breaching its duties to (1) keep the premises clean, safe and free from defects and hazards, (2) furnish a stairway which is reasonable safe for its intended use; and (3) failing to use due care under the circumstances. As such, said Defendants were negligent as defined in La. Civil Code Articles 660, 2322, and 2317.1, as well as other law.

16. Moreover, the condition of the staircase violated numerous duties imposed by industry standards and building codes, and the related duties of care created by those authorities. For instance, the International Building Code, International Residential Code, and NFPA 101 Life Safety Code, adopted by Louisiana in La. R.S. §§40:1730:28 and 40:1578.6, and other authorities, require illumination on walking surfaces of exit stairways, and that artificial light source must be powered by a reliable emergency power source to ensure illumination at all times.

19. After her fall, Ms. Bennett was taken by ambulance to St. Francis Medical Center in Monroe, Louisiana. Upon evaluation in the emergency room, though, her injuries were found to be sufficiently serious that she was transferred by ambulance to Ochsner LSU Health Shreveport where emergency surgery was performed on her leg fracture, and she was admitted for care. Ms. Bennett has not recovered, continues to seek treatment, and her future prognosis is uncertain.

18. Following the fall, Ms. Bennett has been unable to work at her job at Azalea Estates of Monroe, where she is a CNA caregiver assisting the patients at the facility.

19. That as a result of the aforesaid fall, Amber Bennett has sustained serious injuries to her body and mind including injuries and fractures to her leg requiring surgical repair and continuing treatment with an unknown prognosis and potential permanent impairment, together with past and future mental anguish and physical suffering; past and future loss of enjoyment of life; past and future expenses for medical care; past and future loss of earnings and impaired

earning capacity; and disfigurement; all of which entitles Plaintiff, Amber Bennett, to recover from Defendant the damages as are reasonable in the premises.

18. Plaintiff shows that her damages exceed $75,000.00, exclusive of interest and costs.

## COUNT I
## ORDINARY NEGLIGENCE

21. Plaintiff incorporates the allegations of each preceding and subsequent paragraph as if fully rewritten herein.

22. Defendant owed a general duty of care to (1) keep the premises clean, safe and free from defects and hazards, (2) furnish a stairway which is reasonable safe for its intended use; (3) ensure adequate lighting in stairwells; (4) detect and eliminate hazardous conditions that are reasonably foreseeable tripping hazards; and (5) otherwise use due care under the circumstances to detect and eliminate hazards with reasonable care and ordinary prudence.

23. Ms. Bennett's fall occurred not through her own fault, but rather, solely through the fault of Defendant in breaching their aforementioned duties of care.

24. As such, the negligence described above was the cause in fact of the subject fall, and the legal and proximate cause of the damages suffered by Ms. Benett, as described above.

## COUNT II
## PREMISES LIABILITY

25. Plaintiff incorporates the allegations of each preceding and subsequent paragraph as if fully rewritten herein.

26. Defendant has garde over the Premises and all improvements and stairwells erected thereon within the meaning of Louisiana Civil Code Articles 2322, 2317, 2315, and 2317.1, along with, to the extent related, La. R.S. §9:2800.6.

27. The condition and lighting of the stairwell where Plaintiff fell, constituted an unreasonably dangerous defect and hazard because it presented a foreseeable risk of falling down the steps due to inadequate lighting and an inability to see and perceive each step, which would be expected to result in severe injuries. Moreover, to the extent that permanent features of the immovable property constructed at the premises combined to create the hazardous conditions, they constituted ruin of the building, and a serious defect in the Premises.

28. The stairwell was the only means of egress from Ms. Bennett's apartment and, therefore, the risk of such harm is high as there is no reasonable alternative path.

29. The cost of avoiding the risk is comparatively slight, as improved light fixtures, LED lighting, battery powered automatic lights, and other alternatives are generally available at home improvement stores for less than $100.00.

30. Defendant had actual and/or constructive notice of the condition of the stairwell and lighting therein as it persisted for an unreasonable length of time in the vicinity of where its employees were stationed. Defendant's employees would not even need to inspect the interior of the building as the dark interior could be seen from the exterior windows seen from outside. Further, there had been complaints regarding the lighting and Defendant admitted after the fall that it had knowledge of the condition but had not yet repaired the same.

31. As such, the negligence described above was the cause in fact of the subject fall and injuries, and the legal and proximate cause of the damages suffered herein.

## COUNT III
## NEGLIGENCE PER SE

32. Plaintiff incorporates the allegations of each preceding and subsequent paragraph as if fully rewritten herein.

33. The State of Louisiana has adopted certain codes and standards regarding the construction, maintenance, upkeep, and modification of buildings and stairwells including, without limitation, the Premises. Those codes and standards include, but are not limited to, the International Building Code, International Residential Code, and NFPA 101 Life Safety Code, adopted in La. R.S. §§40:1730:28 and 40:1578.6, and other authorities.

34. The standard and codes referenced in that statute impose specific duties of care that prohibit the type of dark stairwell that caused the subject fall.

35. The hazards described above breach those standards and duties.

36. Amber Bennett, as a member of the public and resident at the Premises, is within the class of people intended to be protected by those codes and standards.

37. A fall down a darkened stairwell in a multi-unit residential apartment complex is the type of harm the above codes and standards are intended to prevent.

38. As such, the negligence and violation of the statutes described above was the cause in fact of the subject fall and injuries, and the legal and proximate cause of the damages suffered herein.

WHEREFORE, Plaintiff Amber Bennett prays, that after the expiration of all legal delays and due proceedings are had, that there be judgment rendered herein in favor of Plaintiff and against Defendant Shadow Hawk Apts LP, for appropriate compensatory damages, for said

judgment to bear legal interest from the date of judicial demand until paid, for all costs of these proceedings, and for all legal and equitable relief this Honorable Court shall deem appropriate.

RESPECTFULLY SUBMITTED:

Attorney for Plaintiff,
Matthew D. Hemmer (34300)
MORRIS BART, LLC
601 Poydras St., 24th Floor
New Orleans, LA 70130
Phone:      (504) 599-3339 (direct)
            (504) 599-5557 (paralegal)
Facsimile:  (800)878-8937

Please include all of the following email addresses for electronic service under Fed. R. Civ. Pro. 5:
mhemmer@morrisbart.com;
mjohnson@morrisbart.com; and
ncass@morrisbart.com.

By: /s/ Matthew D. Hemmer
    MATTHEW DONALD HEMMER, NO. LA34300

**CERTIFICATE OF SERVICE**

I hereby certify that I have on this 10th day of February, 2025, served a true and accurate copy for the foregoing upon all counsel of record to this proceeding pursuant to Federal Rule of Civil Procedure 5(b)(2)(E), either by filing it using the Court's electronic-filing system or by sending it by other electronic means that the person consented to in writing. If prior consent was not yet given, consent was sought in the transmittal email with express willingness to forward by alternate means if consent is withheld.

/s/ Matthew D. Hemmer
MATTHEW D. HEMMER